UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COURTNEY HENDERSON,<br><br>Plaintiff,<br><br>v.<br><br>BRENDAN F. KELLY, DIRECTOR OF THE ILLINOIS STATE POLICE, AND KWAME RAOUL, ATTORNEY GENERAL OF ILLINOIS<br><br>Defendants. | No. 1:25-CV-11911<br><br>Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Courtney Henderson ("Plaintiff") brought this suit against the Director of the Illinois State Police, Brendan F. Kelly ("Kelly"), and the Attorney General of Illinois, Kwame Raoul, ("Raoul"), alleging unlawful delay in processing her concealed carry license. Defendants move to dismiss the Amended Complaint, under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons set forth below, the motion is granted.

**Legal Standard**

A Rule 12(b)(6) motion to dismiss "tests the legal sufficiency of the complaint." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020) (citation omitted). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While detailed factual allegations are not required, the complaint

must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "Facial plausibility exists 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 523 (7th Cir. 2023) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *See Hernandez v. Ill. Inst. of Tech.*, 63 F.4th 661, 666 (7th Cir. 2023). "A trial court is obligated to liberally construe a *pro se* plaintiff's pleadings," and may infer claims from the complaint. *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017).

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) challenges the court's subject matter jurisdiction. The standard of review for a Rule 12(b)(1) motion to dismiss depends on whether the defendant raises a facial or factual challenge. At issue here is a factual challenge which involves argument that "there is in fact no subject matter jurisdiction, even if the pleadings are formally sufficient." *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir.2015) (internal citation omitted). "In reviewing a factual challenge, the court may look beyond the pleadings and view any evidence submitted to determine if subject matter jurisdiction exists." *Id.* To survive a factual challenge, "the plaintiff must come forward with competent proof—that is a showing by a preponderance of the evidence—that standing exists." *Lee v. City of Chi.*, 330 F.3d 456, 468 (7th Cir. 2003) (internal citation omitted).

## Background

On November 22, 2023, Plaintiff applied for a Concealed Carry License ("CCL") with the Illinois State Police ("ISP"). R.12 ¶ 4. There is a factual dispute as to the completeness of Plaintiff's initial application. Plaintiff alleges that the application included all required documentation, including a training certification and a valid Firearm Owner's Identification ("FOID") Card. *Id.* Defendants contend that Plaintiff's application was incomplete because she reported her FOID Card as lost, stolen or destroyed. R. 31-1 ¶ 3.

Defendants assert that Plaintiff's application only became complete on July 13, 2024, when Plaintiff "completed the lost/stolen/destroyed process" to replace her FOID card. *Id.* The following day, Plaintiff's new FOID Card was approved. *Id.* Then, on July 15, 2024, ISP suspended Plaintiff's FOID Card and denied her CCL application because she was indicted for "Aggravated Unlawful Possession of a Weapon" after being arrested on July 7, 2024. *Id.*

Plaintiff initiated this action on September 30, 2025. R. 1. At the time of filing, Plaintiff had not been issued a CCL. On February 27, 2026, after being served with the Amended Complaint, ISP reviewed Plaintiff's application and learned that her criminal case was dismissed *nolle prosequi*. R. 31-1 ¶ 4. On March 10, 2026, ISP reinstated Plaintiff's FOID Card and approved her CCL application. *Id.*

Plaintiff alleges that Defendants' delay in processing her CCL application violated her statutory rights under 430 ILCS 66 and her constitutional rights under the Second Amendment and the Due Process Clause of the Fourteenth Amendment.

R. 12 ¶¶ 4–5. Plaintiff seeks injunctive relief, declaratory relief, and compensatory damages. *Id.* ¶¶ 3, 7.

## Discussion

As an initial matter, the Court grants Defendants' motion as it relates to Raoul because the Amended Complaint is bereft of allegations tying him or his office to any part of the challenged conduct. *See generally* R. 12. As to Kelly, Defendants raise several arguments for dismissal including that Plaintiff lacks standing, that Plaintiff's claims are moot, that sovereign immunity bars Plaintiff's claims. R. 31.

### I. Standing

Defendant argues that Plaintiff lacks standing to bring this suit. Standing is a required element for a case or controversy to exist for the exercise of federal jurisdiction. *Bond v. Utreras*, 585 F.3d 1061, 1069 (7th Cir. 2009). Standing requires a showing of an injury in fact, traceable to the conduct of defendants, that is likely to be redressed by a favorable decision. *Reid v. Illinois State Bd. of Educ.,* 358 F.3d 511 (7th Cir. 2004). "Standing is evaluated at the time [the] suit is filed." *Milwaukee Police Ass'n v. Bd. of Fire & Police Comm'rs of City of Milwaukee*, 708 F.3d 921, 928 (7th Cir. 2013).

Plaintiff alleges that ISP failed to timely process her concealed-carry application, causing emotional distress and depriving her of the ability to exercise constitutional rights. At the time Plaintiff filed the Amended Complaint, she sought an order requiring ISP to process her application and restore or issue the credentials she claimed were unlawfully withheld. A favorable decision therefore could have redressed the alleged ongoing injury. Those allegations are sufficient to confer

standing. *See Sherwood v. Marchiori*, 76 F.4th 689, 695 (7th. Cir. 2023) (Agency's ongoing failure to process claims and provide a determination sufficiently alleged injury in fact for the purposes of standing).

Defendants argue that Plaintiff lacks standing because the delay at issue was brought on by Plaintiff's own failure to complete the process for replacing her lost, stolen, or destroyed FOID Card. Even assuming Plaintiff's failure to complete the FOID Card replacement process initially prevented ISP from acting on her application, the record does not suggest that ISP informed Plaintiff of the alleged deficiency, notwithstanding their notification requirements. *See* 430 ILCS 66/10(e) (requiring ISP to notify a CCL applicant electronically to confirm whether all required information and materials have been received.). Plaintiff also states that she repeatedly sought information about her application status without receiving a timely response. R. 12 ¶ 4. Those circumstances provide a sufficient causal connection between ISP's alleged inaction and the continued delay to defeat Defendants' contention that Plaintiff's injury was entirely self-inflicted. *See Taylor v. Salvation Army Nat'l Corp.*, 110 F.4th 1017, 1025 (7th Cir. 2024) (Article III requires only a "meaningful connection" between the challenged conduct and the injury.).

Defendants also argue that Plaintiff lacks standing because she failed to pursue available administrative remedies. But the availability of a nonjudicial avenue for relief does not itself strip a plaintiff of standing. *See Black Bear Sports Grp., Inc. v. Amateur Hockey Ass'n of Ill.*, 962 F.3d 968, 970–71 (7th Cir. 2020) (rejecting dismissal for lack of standing based on the plaintiff's failure to exhaust

available nonjudicial remedies); *Perez v. Wisconsin Dep't of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999) ("Failure to exhaust administrative remedies does not deprive a court of jurisdiction."). Moreover, "there is no general exhaustion requirement for § 1983 plaintiffs" *Wudtke v. Davel*, 128 F.3d 1057, 1063 (7th Cir.1997) (citing *Patsy v. Bd. of Regents*, 457 U.S. 496, 516 (1982)). Thus, Defendants' argument is doubly misplaced: the availability of an administrative remedy does not itself defeat Article III standing and § 1983 does not require administrative exhaustion before filing suit. Accordingly, Plaintiff has established Article III standing to pursue her claims.[1]

## II. Mootness

Defendants argue that ISP's subsequent reinstatement of Plaintiff's FOID Card and issuance of her CCL render Plaintiff's claims moot. "[C]ases that do not involve actual, ongoing controversies are moot and must be dismissed for lack of jurisdiction." *Fed'n of Advert. Indus. Representatives, Inc. v. City of Chicago*, 326 F.3d 924, 929 (7th Cir. 2003).Although Plaintiff's claims for damages are not moot,[2] the Court finds that Plaintiff's requests for injunctive and declaratory relief are moot because the case no longer presents a live controversy as to those forms of relief.

---

[1] Defendant also invokes *Younger* abstention in arguing that Plaintiff lacks standing. That doctrine, however, is plainly inapplicable because there is not a related case pending in state court. *See Bolton v. Bryant*, 71 F. Supp. 3d 802, 813 (N.D. Ill. 2014) (citing *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 595 (7th Cir. 2007) ("*Younger* abstention generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings."") (internal quotations omitted).

[2] A defendant's subsequent conduct does not moot an otherwise viable damages claim. *See Fed'n of Advert. Indus. Representatives, Inc* 326 F.3d at 929 ("We recognize that a defendant's change in conduct cannot render a case moot so long as the plaintiff makes a claim for damages.").

The Amended Complaint seeks prospective injunctive relief requiring ISP to act on Plaintiff's CCL application, reinstate her FOID Card, and issue her CCL. ISP has since performed those actions. Because Plaintiff has obtained the prospective relief she requested, there is no further injunction the Court can enter that would afford Plaintiff additional relief.

Plaintiff contends that ISP's post-suit actions do not moot her claims because ISP remains capable of "instantly revok[ing] or suspend[ing] [her] credentials." R. 35 at 3. Under the voluntary-cessation doctrine, however, the relevant question is whether the *challenged conduct* can reasonably be expected to recur. *FBI v. Fikre*, 601 U.S. 234, 241–43 (2024). The challenged conduct here is ISP's alleged failure to timely resolve Plaintiff's November 2023 CCL application and the resulting withholding of her firearms credentials. ISP has now finally resolved that application, reinstated Plaintiff's FOID Card, and issued her CCL. Thus, because ISP has finally adjudicated the application underlying Plaintiff's claims, the alleged failure to process that application cannot recur. *See E.F.L. v. Prim*, 986 F.3d 959, 963–F64 (7th Cir. 2021) (holding that controversy over a pending petition "cannot recur" where the petition had been approved "once and for all").[3]

Plaintiff's observation that ISP could suspend or revoke her credentials at some point in the future does not alter that conclusion. Such an action would be a

[3] Plaintiff also invokes the mootness exception for conduct capable of repetition yet evading review. That exception requires, among other things, a reasonable expectation that "the same complaining party would be subjected to the same action again." *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). For the reasons explained above, that requirement is not satisfied here: Plaintiff's November 2023 application has been finally resolved and cannot again be subjected to the challenged failure to process it. *See E.F.L.*, 986 F.3d at 963–964.

new agency action, not a resumption of ISP's failure to resolve the November 2023 application. And the possibility that Plaintiff might someday become subject to a new suspension or revocation is too speculative to support prospective injunctive relief. *See Simic v. City of Chicago*, 851 F.3d 734, 738 (7th Cir. 2017) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief if unaccompanied by any continuing, present adverse effects."); *Bright v. Yenchko*, 2026 IL 132015, ¶ 25 (holding that, after the plaintiff's FOID Card was reinstated, his request to enjoin a future suspension was "too speculative to save the cause of action from being dismissed as moot").

For similar reasons, Plaintiff's claim for declaratory relief is moot. The Amended Complaint seeks a declaration that "Defendants violated 430 ILCS 66 and Plaintiff's due process rights under the Fourteenth Amendment." R.12 ¶7. "[W]hen seeking . . . declaratory relief, a plaintiff must establish that he is in immediate danger of sustaining some direct injury." *Feit v. Ward*, 886 F.2d 848, 857 (1989) (internal quotations omitted). Plaintiff now possesses both the FOID Card and CCL that she alleges Defendants unlawfully withheld, and there is no nonspeculative basis to conclude that she presently faces immediate danger of direct injury. What remains is therefore a request for a declaration concerning the legality of Defendants' past conduct, rather than an ongoing controversy supporting prospective declaratory relief. *See Green v. Monsour*, 474 U.S. 64, 73 (1985) (remarking on the "impropriety" of declaratory relief where the case involves only "a dispute about the lawfulness of

respondent's past actions."). Accordingly, Plaintiff's requests for injunctive and declaratory relief are dismissed.

### III. Sovereign Immunity & Damages

Defendants argue that Plaintiff's claim for monetary damages is barred by the Eleventh Amendment because Defendants are sued only in their official capacities. To the extent Plaintiff seeks damages from Kelly in his official capacity, Defendants are correct. *See Brown v. Budz*, 398 F.3d 904, 918 (7th Cir. 2005) (Observing that suits for "monetary damages from defendants acting in their official capacity . . . are barred by the Eleventh Amendment."). But even assuming the Amended Complaint may be construed, particularly in light of Plaintiff's pro se status, as seeking damages from Kelly in his individual capacity, that claim fails for a separate reason.

"For constitutional violations under § 1983 . . . a government official 'is only liable for his or her own misconduct.'" *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)). Accordingly, "a plaintiff may not rely on a theory of respondeat superior and must instead allege that the defendant, through his or her own conduct, has violated the Constitution." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015) (citing *Ashcroft*, 556 U.S. at 676).

Here, the Amended Complaint's only specific reference to Kelly is that he is the official "responsible for ensuring that the Firearms Services Bureau processes CCL applications according to statutory requirements." R.12 ¶ 3. The Amended Complaint does not allege that Kelly knew of Plaintiff's application, was personally involved in its processing, directed or approved the alleged delay, or otherwise

personally caused the asserted deprivation of constitutional rights. His general supervisory responsibility cannot establish individual liability under § 1983. *See Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018) ("Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly.").

Additionally, the Court dismisses Plaintiff's state law claims to the extent that they also seek damages. 430 ILCS 66/45 states that employees of ISP "shall not be held liable for damages in any civil action arising from alleged wrongful or improper granting, denying, renewing, revoking, suspending, or failing to grant, deny, renew, revoke, or suspend a license under this Act, except for willful or wanton misconduct." While the Amended Complaint asserts generally that Defendants' failure to act was arbitrary and capricious, there is no specific allegation that Kelly engaged in a willful and wanton misconduct. *See Stigleman v. Wal-Mart Stores, Inc.*, 2014 U.S. Dist. LEXIS 138852, *16 (C.D. Ill. Sept. 30, 2014) (citing *Adkins v. Sarah Bush Lincoln Health Ctr.*, 129 Ill. 2d 497, 518 (1989)) ("Merely pleading in conclusory fashion that the defendant's actions were willful and wanton is insufficient; rather, factual allegations must show the defendant's intent or their indifference to or conscious disregard for the plaintiff's safety."). Absent such an allegation, Plaintiff is statutorily barred from seeking damages for her claims under Illinois state law. Accordingly, Plaintiff's damages claims are dismissed.

## Conclusion

For the foregoing reasons, Defendants' motion to dismiss is granted. Plaintiff may file a second amended complaint by November 16, 2026, if she believes she can cure the deficiencies identified herein. If Plaintiff does not file an amended complaint by that date, the Court will enter judgment and terminate the case.

ENTERED:

Thomas M Durkin

Honorable Thomas M. Durkin
United States District Judge

Dated: October 16, 2026